Case 3:12-cv-01507-L   Document 11   Filed 11/01/12   Page 1 of 7   PageID 106

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CHARLES DAVID BOLTON and KAREN E. BOLTON,** | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. **3:12-CV-1507-L** |
| **THE BANK OF NEW YORK MELLON** As Trustee For The Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2003-1 f/k/a The Bank of New York, | § § § § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Motion to Dismiss, filed August 13, 2012. After carefully reviewing the motions, briefing, pleadings, and applicable law, the court **grants in part and denies in part** Defendant's Motion to Dismiss. Specifically, Defendant's Motion to Dismiss is **denied** as to Plaintiffs' constitutional claim to invalidate the Deed of Trust and lien and **granted** as to Plaintiffs' claim that Defendant forfeit principal and interest.

**I.     Background**

Plaintiffs Charles David Bolton and Karen E. Bolton (collectively, "Plaintiffs") brought this lawsuit against The Bank of New York ("Defendant"), alleging violations of article XVI, sections 50(a) and 50(a)(6)(Q)(x) of the Texas Constitution. Plaintiffs allege that Defendant violated sections 50(a) by attempting a forced sale of their homestead property ("Property") located at 960 Meadowcove Circle, Garland, Dallas County, Texas 75043, based on a debt that was not obtained for a purpose allowed by Article XVI, section 50 of the Texas Constitution. Specifically, Plaintiffs

**Memorandum Opinion and Order – Page 1**

allege that the amount of the promissory note ("Note") at issue is more than 80 percent of the fair market value of the property. Plaintiffs further allege that Defendant violated section 50(a)(6)(Q)(x) by failing to comply with its obligations and correct the error within a reasonable time after notification. Plaintiffs seek a declaration that: (1) the Deed of Trust and lien claimed by Defendant on the property is invalid and does not secure a debt recognized by Article XVI, section 50 of the Texas Constitution, and (2) as a result of the alleged constitutional violations, Defendant has forfeited all principal and interest, Plaintiffs are not longer obligated to remit any payments to Defendant, and the Note and Deed of Trust are null and void. Plaintiffs also seek actual and statutory damages, attorney's fees, interest, and costs.

On December 31, 2002, Plaintiffs executed a Note and Deed of Trust with lender America's Wholesale Lender to refinance the Property. Plaintiffs allege that the Note in the amount of $98,200 exceeded eighty percent of the fair market value of the Property and they were charged more than 3 percent to originate, evaluate, maintain, record, insure, or service the extension of credit. The Deed of Trust was subsequently assigned to Defendant on April 25, 2011. On December 21, 2011, Defendant attempted a forced sale of the Property by filing an application for an order of foreclosure. A foreclosure hearing was set for March 15, 2012. On April 18, 2012, Plaintiffs provided Defendant with written notice of the constitutional violations in accordance with Article XVI, section 50(a)(6)(Q)(x), and brought this action in the 192nd Judicial District Court of Dallas County, Texas. Plaintiffs allege that Defendant failed to respond to the notice.

On May 15, 2012, Defendant removed the action to federal court. Defendant contends that this lawsuit is nothing more than a "stall tactic" by Plaintiffs to avoid foreclosure, despite their failure to make payments on their loan for two years. Def.'s Mot. 2-3. On August 13, 2012,

**Memorandum Opinion and Order – Page 2**

Defendant moved to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiffs' constitutional claims are barred by a four-year statute of limitations.

## II.     Standard for Rule 12(b)(6)—Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm*

*Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted. *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th

Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge.  *Adams*, 556 F.2d at 293.

### III.     Analysis

Defendant argues that Plaintiffs' claims accrued when they closed on their home equity loan on December 31, 2002, and they are therefore barred by the residual four-year statute of limitations in section 16.051 of the Texas Civil Practice and Remedies Code, which provides that a four-year statute of limitations applies when there is no express limitations period, except in an action for the recovery of real property.  Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (West 2008).

Plaintiffs counter that section 16.051 and Texas's residual four-year statute of limitations do not apply to suits such as this that are for the "recovery of real property."  *See id.*  Plaintiffs further assert that the constitutional provisions invoked by them do not specify a limitations period and all Texas courts of appeal cases that have held that the residual four-year statute of limitations applies to constitutional claims arising under article XVI, section 50(a), are distinguishable because they all rely on a single case, *Rivera v. Countrywide Home Loans, Incorporated*, 262 S.W.3d 834 (Tex. App.  Dallas 2008, no pet.), in which the parties agreed that the residual four-year statute of limitations applied to the plaintiff's claim.  As a result, Plaintiffs assert that the *Rivera* court was never called upon to determine the limitations period applicable to constitutional claims arising under article XVI, section 50(a).  Based on the reasoning in *Smith v. JPMorgan Chase Bank National Association*, No. C-11-260, 2012 WL 43627 (S.D. Tex. Jan. 9, 2012), Plaintiffs argue that no statute of limitations applies to their constitutional claims.

Plaintiffs' claims and the parties' arguments in this case are virtually identical to those in *Santos v. CitiMortgage, Incorporated*, No. 3:11-CV-2592-M-BK, 2012 WL 1058159 (N.D. Tex. Feb. 7, 2012), *accepted in part and rejected in part by* 2012 WL 1065464 (N.D. Tex. Mar. 29, 2012), in which the *Santos* plaintiffs were represented by the same counsel. In *Santos*, the district court accepted the magistrate judge's determination that the residual four-year statute of limitations did not apply to the plaintiffs' constitutional claims but concluded that the plaintiffs' claim to forfeit principal and interest due four years before suit was brought was barred by the residual four-year statute of limitations. *Id.* Based on the same reasoning in *Santos*, the court determines that Plaintiffs' constitutional claims are not barred by statute of limitations and will therefore deny Defendant's Motion to Dismiss on this ground. Plaintiffs' claim that principal and interest be forfeited, however, is subject to the residual four-year statute of limitations because it is not a claim to recover real property. The court further determines that Plaintiffs' claim to forfeit principal and interest accrued on December 31, 2002, the date they closed on their home equity loan that is the basis of their claim. Accordingly, this claim had to be brought by Plaintiffs on or before December 31, 2006. As Plaintiffs did not file their lawsuit until April 18, 2012, this claim is barred by the statute of limitations under section 16.051. Therefore, accepting Plaintiffs' allegations as true, the court concludes that they have failed to state a claim for forfeiture of principal and interest upon which relief can be granted, and Defendant is entitled to dismissal of this claim.

**IV.    Conclusion**

For the reasons herein stated, the court **grants in part and denies in part** Defendant's Motion to Dismiss. Specifically, Defendant's Motion to Dismiss is **denied** as to Plaintiffs' constitutional claim to invalidate the Deed of Trust and lien and **granted** as to Plaintiffs' claim that

Defendant forfeit principal and interest, and Plaintiffs' claim for the forfeiture of principal and interest is **dismissed with prejudice**.

**It is so ordered** this 1st day of November, 2012.

Sam A. Lindsay
United States District Judge